# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DARLENE COVINGTON, | )  |
| Plaintiff, | ) |
| vs. | ) Dkt No: 1:16-01144-cgc |
| NANCY A. BERRYHILL, | ) |
| Defendant. | ) |

## ORDER

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security, regarding the application for Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C.§ 636(c), with any appeal to the Court of Appeals for the Sixth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument on October 2, 2017, finds as follows, to-wit:

The primary argument of Plaintiff's Motion for Judgment on the Pleadings and reply brief is that the January 20, 2012 Administrative Law Judge ("ALJ") is a "final decision" for the purposes of *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir.1997) and Acquiescence Ruling 98-4(6), 1998 WL 283902 (1998) and that in the May 22, 2015 ALJ decision, the ALJ erred by not accepting as definitive the residual functional capacity ("RFC") as determined by ALJ Jerry Lang on January 20, 2012. The Commissioner responds that, because the January 20, 2012 decision was remanded by the U.S. District Court (*Covington v.*

*Commissioner*, 1:13-1251-JDT, September 26, 2014, D.E. #15), it was vacated and was not final for purposes of *Drummond*.

In *Drummond*, the claimant filed an initial application which was denied initially and on reconsideration. *Drummond* at 838. After a hearing, the ALJ found that the claimant was unable to perform past work but retained a RFC for sedentary work. *Id.* The claimant took no appeal from this decision. She filed a second application and then a third application for disability insurance benefits. The third application was initially denied and also on reconsideration. The ALJ reviewing this subsequent claim found that claimant retained a RFC for medium level work and could perform her past relevant work. *Id* at 839.

The Sixth Circuit held on appeal that based on the principles of *res judicata* "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id* at 842.

Acquiescence Ruling 98-4(6) states that "[w]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."

*Res judicata* is a common-law concept which prescribes that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing *Cromwell v. County of Sac,* 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195

(1876)). The Sixth Circuit has made clear that "[a] judgment that has been vacated, reversed or set aside on appeal is thereby deprived of all conclusive effect, both as *res judicata* and as collateral estoppel." *Kosinski v. C.I.R.*, 541 F.3d 671, 676 (6th Cir. 2008).

The instant case is distinguished from *Drummond* in that an appeal to the District Court was taken from the January 12, 2012 decision that Claimant wishes to rely upon and the result of the appeal was remand by the District Court on September 26, 2014 (R. 415) and vacation of that decision by the Appeal Council on December 2, 2014 (R. 424). The judgment specifically states that on remand, "the ALJ must decide whether, **in his discretion,** Plaintiff's prior claim and the determination of her residual functional capacity should be reopened." (R. 415, emphasis in the original). The District Court order left no doubt that the residual functional capacity issue was left open for the ALJ to resolve without the requirement of deference to the prior decision. Therefore the January 12, 2012 decision is not final for purposes of *res judicata* and has no conclusive effect.

The Court finds that the January 20, 2012 decision is not a final decision for the purposes of *Drummond* and AR 98-4(6). Specifically, the Appeals Council "[vacated] the final decision of the Commissioner of Social Security" therefore the second ALJ was not required to give any deference to the RFC determined by the first ALJ. There is substantial evidence to support the ALJ's decision at step four and step five. The decision of the Commissioner is AFFIRMED and the Motion for Judgment on the Pleadings is DENIED.

**IT IS SO ORDERED** this 20th day of November, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE